COURTS (§ 247*)—SUPREME COURT—JURISDICTION—CERTIFIED QUESTIONS.

Rev. Civ. St. 1911, art. 1521, as amended by Acts 33d Leg. c. 55, provides that the Supreme Court shall have appellate jurisdiction as to questions of law in civil cases arising in the Courts of Civil Appeals, when brought to such courts from final judgments of trial courts in six following subdivisions, and article 1522 declares that all cases mentioned in article 1521 may be carried to the Supreme Court, either by writ of error or certificate of Court of Civil Appeals as otherwise provided, except those mentioned in subdivision 6, which must be presented by application for writ of error, Held, that the Supreme Court's jurisdiction by certified question is limited to those cases embraced in the first five subdivisions of article 1521, and that a certificate which only presents a case in which the substantive law is involved is unsustainable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. § 247.*]

Certified Questions from Court of Civil Appeals of Second Supreme Judicial District.

Action between the First State Bank of Archer City and others against F. M. Power. From a judgment in favor of the latter, the former appeal. On certified questions from the Court of Civil Appeals. Dismissed.

Hughes & Boone and Mathis & Kay, all of Wichita Falls, for appellants. W. E. Forgy, of Archer, and Carrigan, Montgomery & Britain, of Wichita Falls, for appellee.

BROWN, C. J. As amended by chapter 55, Acts of Regular Session of the Thirty-Third Legislature of Texas, p. 107, of Laws, articles 1521 and 1522, R. S., were amended so as to read as follows:

"Art. 1521. The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, which shall extend to questions of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts: (1) Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision. (2) Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law. (3) Those involving the validity of statutes. (4) Those involving the revenue laws of the state. (5) Those in which the Railroad Commission is a party. (6) Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error.

"Art. 1522. All causes mentioned in article 1521 may be carried to the Supreme Court either by writ of error or by certificate from the Court of Civil Appeals as elsewhere provided, except those mentioned in subdivision 6, which must be presented by application for writ of error."

This court has jurisdiction by certified question in no case except it be embraced in one of the first five subdivisions of article 1521. In this case there is no disagreement of the judges; no conflict of opinion is shown to exist between the opinion of the court certifying and any other court. Neither is the validity of any statute nor the revenue laws of the state involved. The Railroad Commission is not a party. The certificate presents a case in which "the substantive law" of that case is involved. Such question cannot be certified; it "must be presented by application for writ of error." The statute is so plain and peremptory that no argument could aid in the application. Lest we be misunderstood, we will say that we do not intend by this statement to hold that a question embraced in one of the first five subdivisions in article 1521 could not be certified as to such question because a question of substantive law was embraced in the same decision.

---

### GROCE et al. v. WEST LUMBER CO. et al.

(Supreme Court of Texas. Feb. 18, 1914.)

COURTS (§ 247*)—STATE COURTS—JURISDICTION OF TEXAS SUPREME COURT.

Under Rev. Civ. St. 1911, arts. 1521, 1522, as amended by Acts 33d Leg. c. 55, respectively providing that the appellate jurisdiction of the Supreme Court shall extend to those questions of law in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has erroneously declared the substantive law, and that such questions must be presented by application for writ of error, a certificate submitting the substantive law of the case cannot be considered by the Supreme Court; that tribunal having no jurisdiction of such question when presented in that manner.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. § 247.*]

Certified Questions from Court of Civil Appeals of First Supreme Judicial District.

Action between J. W. Groce and others and

the West Lumber Company and others. There was a judgment for the former, and the latter appealed to the Court of Civil Appeals. On certified questions. Certificate dismissed.

Marsine Johnson, of Galveston, Barkley & Green, of Houston, and Holshousen & German and J. L. Manry, all of Livingston, for appellants. Baker, Botts, Parker & Garwood, of Houston,. and Hill & Hill and J. O. Feagin, all of Livingston, for appellees.

BROWN, C. J. Because the certificate submits the substantive law of the case, this court has no jurisdiction, and the certificate is dismissed. See article 1522, c. 55, p. 107, Laws 33d Leg. Also see memorandum opinion in First State Bank of Archer City et al. v. F. M. Power (No. 2628) 163 S. W. 581.